IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPLIANCE REVIEW SERVICES, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3635 |
| | § | |
| CALLISTA DAVIS-OSUAWU, Individually and d/b/a DESTINY HEALTHCARE SERVICES, CHARLENE TAYLOR, Individually and d/b/a ALPHA COMPLIANCE CONSULTANTS, MATTHEW ODILLI and FIDELIA ODILLI, Individually and d/b/a OMEGA RULES! PROFESSIONAL NURSES, KUDI ADELAKIN, Individually and d/b/a CITIZEN CARE, ECAPITAL HEALTH CARE CONSULTING L.L.C., and MARIA BIBBS COX, | § § § § § § § § § § § § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| STEPHANIE FOAT, | § | |
| | § | |
| Third-Party Defendant. | § | |

MEMORANDUM AND ORDER

Pending are Plaintiff Compliance Review Services, Inc.'s First Motion for Summary Judgment against Defendant Charlene Taylor, Individually, and d/b/a Alpha Compliance Consultants (Document No. 62), Motion for Judgment on the Pleadings against Defendants Matthew Odilli and Fidelia Odilli, Individually, and d/b/a Omega Rules! Professional Nurses as to Liability for Copyright

Infringement (Document No. 63), Motion to Strike Eight of eCapital's 14 "Separate" Defenses (Document No. 114), Motion to Strike Defendant Charlene Taylor's Answer (Document No. 129), Motion for Summary Judgment against Fidelia Odilli, Individually, and d/b/a Omega Rules! Professional Nurses as to Liability for Copyright Infringement (Document No. 141), Motion for the Court to Conduct a Hearing on All Pending Motions Before August 10, 2006 (Document No. 142); Motion to Extend Time to Respond to eCapital and M. B. Cox's Motion for Summary Judgment (Document No. 148); Defendants Alpha Compliance Consulting and Charlene F. Taylor's Motion to Dismiss All Claims as to Liability and Damages filed by Plaintiff Compliance Review Services, Inc. (Document No. 73),[1] Motion to Disengage From Civil Action No. 4:04-CV-03635 (Document No. 74), Motion to Vacate Motion of Default (Document No. 76), Motion for Summary Judgment (Document No. 79), and Motion to Increase Summary Judgment against Plaintiff (Document No. 118); Defendants Fidelia Odilli, Matthew Odilli, and Omega Rules! Professional Nurses' Motion to Dismiss for Failure to Join an Indispensable Party and/or Leave to Amend the Answer (Document No. 83); and Defendants eCapital Health Care Consulting L.L.C. and

---

[1]Defendants Alpha Compliance Consulting and Charlene F. Taylor filed an answer to Plaintiff's complaint before filing the motion to dismiss, and the motion is therefore untimely. *See* FED. R. CIV. P. 12(b). Nonetheless, the Court will consider the motion as a motion for judgment on the pleadings under Rule 12(c). *See* Jones v. Grenninger, 188 F.3d 322, 324 (5th Cir. 1999).

2

Maria Bibb Cox's Motion to Modify Scheduling Order (Opposed) (Document No. 123).  After having reviewed the motions, responses, replies, and the applicable law, the Court concludes as follows:[2]

## I.   Background

This is a trademark and copyright infringement action brought by Plaintiff Compliance Review Services, Inc. ("Plaintiff"). Plaintiff creates policy and procedure manuals (the "manuals") that it sells to home health care agencies to aid their compliance with applicable state and federal regulations.  Plaintiff sues what appears to be several sets of unrelated Defendants for various alleged misuse of the manuals and the mark "Compliance Review." Plaintiff also alleges state law claims of misappropriation, unfair trade practices, unfair competition, interference with contractual advantage, and violations of the Texas Theft Liability Act against all Defendants.

Specifically, Plaintiff alleges that Defendant Charlene Taylor, Individually, and d/b/a Alpha Compliance Consultants ("Taylor") (1) created and used a business card that combined Plaintiff's name, "Compliance Review," with Taylor's d/b/a name;

---

[2]Because the parties have adequately briefed all pending motions, Plaintiff's Motion for the Court to Conduct a Hearing on All Pending Motions Before August 10, 2006 (Document No. 142) is DENIED.

and (2) issued a circular from "Compliance Review." *See* Document No. 1 ¶¶ 3.25, 3.30.

Plaintiff alleges that Defendants Matthew Odilli and Fidelia Odilli, Individually, d/b/a Omega Rules! Professional Nurses (collectively, the "Odilli Defendants") impermissibly acquired one of Plaintiff's copyrighted forms from Defendant Citizen Care, and then provided the form to a client. Id. ¶¶ 3.38-3.39.

Plaintiff alleges that Defendants eCapital Health Care Consulting L.L.C. and its owner Maria Bibb Cox (collectively, "eCapital") copied the manual and provided it to two clients. *See* id. ¶¶ 3.46-3.48. The parties have filed various motions, including motions to dismiss and for summary judgment, which will be discussed in detail below.

## II.   Standard of Review

### A.   Motion to Dismiss

A Rule 12(c) motion for judgment on the pleadings based on a failure to state a claim is reviewed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See* Boswell v. Honorable Governor of Tex., 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000); *see also* St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co., 937 F.2d 274, 279 (5th Cir. 1991).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which

4

relief can be granted." FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  Dismissal of a claim is improper "unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

"The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests."  Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977).  Therefore, in challenging the

sufficiency of the complaint under Rule 12(b)(6), the defendant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. <u>Hishon v. King & Spalding</u>, 104 S. Ct. 2229, 2232 (1984). While the district court generally may not go outside the complaint in addressing a Rule 12(b)(6) motion, it may consider documents attached to the complaint, as well as documents that are referenced in and central to the complaint. *See* <u>Kennedy v. Chase Manhattan Bank USA, NA</u>, 369 F.3d 833, 839 (5th Cir. 2004); <u>Scanlan v. Texas A&M Univ.</u>, 343 F.3d 533, 536 (5th Cir. 2003).

B.   <u>Motion for Summary Judgment</u>

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See* <u>id.</u> at 2553-54. A party opposing a properly supported motion for

summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  *See* <u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2514-15 (1986)).  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." <u>Id.</u>

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden.  *See* <u>Anderson</u>, 106 S. Ct. at 2513-14.  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *See* <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  <u>Kelley v. Price Macemon, Inc.</u>, 992 F.2d 1408, 1413 (5th Cir. 1993)(citing <u>Matsushita</u>, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." <u>Id.</u> (citing <u>Anderson</u>, 106 S. Ct. at 2511).  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." <u>Anderson</u>, 106 S. Ct. at 2513.

In order to withstand a no-evidence motion for summary judgment, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 106 S. Ct. at 2552. If the nonmovant fails to make such a showing, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment must be granted. Id.

### III.   Discussion

### A.   Plaintiff's Claims Against Taylor

#### 1.   Copyright Infringement and Taylor's Motion to Dismiss

Plaintiff alleges that Taylor intentionally and contributorily "infringed on copyrighted materials" and "us[ed] them in an unauthorized manner." *See* Document No. 1 ¶¶ 3.33, 3.35. Taylor moves to dismiss this claim. *See* Document No. 73. The elements of a claim of copyright infringement are: (1) ownership of a valid copyright, and (2) actionable copying by the Defendant. *See* Bridgmon v. Array Sys. Corp., 325 F.3d 572, 576 (5th Cir. 2003); Quintanilla v. Tex. Television Inc., 139 F.3d 494, 500 (5th Cir. 1998). The plaintiff in a copyright infringement case bears the

burden of proving these elements. *See* <u>Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc.</u>, 119 F.3d 55, 59 (1st Cir. 1997). Here, Plaintiff alleges that it holds a valid copyright on the policy manuals that it sells to home health agencies. Document No. 1 ¶ 3.01. However, Plaintiff does not allege that Taylor infringed these copyrighted *policy manuals*; rather, Plaintiff alleges that Taylor improperly used Plaintiff's *name*, "Compliance Review," in conjunction with a business card and circular that Taylor issued. *See* <u>id.</u> ¶¶ 3.25, 3.28, 3.30, 3.32. A name, however, is not a "work of authorship" subject to copyright protection within the meaning of 17 U.S.C. § 102, nor does it constitute a compilation or derivative work also afforded copyright protection. *See, e.g.,* 17 U.S.C. § 102(a) (listing those "works of authorship" that are subject to protection under the Copyright Act); 37 C.F.R. § 202.1(a) (2001) (stating that "[w]ords and short phrases such as names, titles, and slogans" are "works not subject to copyright"); <u>Taylor v. IBM</u>, 54 Fed. Appx. 794, at *1 (5th Cir. Dec. 10, 2002) (unpublished) (affirming dismissal of plaintiff's copyright infringement claim for phrase "pre paid cash cards" because "[t]he Copyright Act does not protect fragmentary words or short phrases," and plaintiffs as such "failed to show that any allegedly copied text was copyrightable."); <u>Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.</u>, 266 F.2d 541, 544 (2d Cir. 1959) ("Brand names, trade names, slogans, and other short phrases or expressions

9

cannot be copyrighted, even if they are distinctively arranged or printed."). Taking Plaintiff's allegations as true, Plaintiff has failed to state a claim for copyright infringement against Taylor, and this claim will be dismissed.

    2.   Lanham Act Trademark Infringement

         a.   Taylor's Motion to Dismiss

    Plaintiff alleges that Taylor infringed on its mark "Compliance Review" in violation of the Lanham Act, 15 U.S.C. § 1125(a). Taylor moves to dismiss this claim. *See* Document No. 73. The Lanham Act creates a cause of action for infringement of unregistered trademarks. *See* CICCorp., Inc. v. AIMTech Corp., 32 F. Supp. 2d 425, 433-34 (S.D. Tex. 1998) (Lake, J.); Alpha Kappa Alpha Sorority Inc. v. Converse Inc., No. 05-10317, 2006 WL 925499, at *4 (5th Cir. Apr. 10, 2006) (unpublished). To prevail on a Lanham Act trademark infringement claim, a plaintiff must first show that its mark is legally protectable. CICCorp., 32 F. Supp. 2d at 433-34. If a plaintiff successfully shows protectability, it must then establish infringement by showing that there is a likelihood of confusion between its marks and those of the defendant. *See* id. *See also* March Madness Athletic Ass'n, L.L.C. v. Netfire, Inc., 310 F. Supp. 2d 786, 806 (N.D. Tex. 2003), *aff'd*, 120 Fed. Appx. 540 (5th Cir. 2005). The plaintiff bears the burden of proof on both issues. CICCorp., 32 F. Supp. 2d at 434.

10

Plaintiff alleges that the phrase "Compliance Review" is protected because it has a "primary and secondary meaning" and has become "associated" with Plaintiff and its products. *See* Document No. 1 ¶ 3.04. Plaintiff further alleges that Taylor infringed upon the mark "Compliance Review" when it (1) used a business card that combined the mark with Taylor's name, and (2) issued a circular from "Compliance Review." <u>Id.</u> ¶¶ 3.25, 3.30. Plaintiff alleges that Taylor's unauthorized use of the mark was "misleading and confusing" because it "le[d] the market to believe that there was some association between [Plaintiff] and [Taylor]." <u>Id.</u> ¶¶ 3.27-3.28. Specifically, Plaintiff alleges that "a nurse familiar with [Plaintiff] saw the business card and believed that [Plaintiff] had partnered with [Taylor]," and "[two] clients believed [Plaintiff] issued the circular to promote its copyrighted materials." <u>Id.</u> ¶¶ 3.26, 3.30. Taking these allegations as true, Plaintiff has stated a claim for trademark infringement under the Lanham Act, and Taylor's motion to dismiss this claim will be denied.[3]

b.   <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff moves for summary judgment on its trademark infringement claims against Taylor on the basis of Taylor's alleged

---

[3]Although Taylor moves to dismiss "all claims as to liability and Damages," *see* Document No. 73, she does not discuss and provides no basis for dismissing the state law claims. As such, to the extent Taylor seeks to dismiss the state law claims, her motion to dismiss these claims will be denied.

deemed admissions.  *See* Document No. 62.  Plaintiff asserts that
Taylor failed to answer timely its "First Set of 27 Requests for
Admissions" (the "Requests"), and that when Taylor did answer, she
did not effectively deny the Requests in the manner required by
Fed. R. Civ. P. 36 to avoid the Requests being deemed admitted.
Thus, Plaintiff argues that it is entitled to summary judgment on
proof of the deemed admissions.  The Requests sought admissions
that, among other things: (1) Plaintiff owns the mark "Compliance
Review Services"; (2) Taylor used and "intentionally copied" the
mark; (3) Taylor's use of the mark causes a "substantial likelihood
of confusion" and "actual confusion"; and (4) Plaintiff lost sales
and profits of "not less than $10,000" due to Taylor's use of the
mark.  *See* id. ex. 1 ¶¶ 5, 16, 17-18, 20.  Plaintiff therefore
contends that it "is entitled to summary judgment that [Taylor]
infringes it [sic] mark 'Compliance Review Service' and to a
judgment for at least $10,000 in actual damages because of
[Taylor]'s willful copying and infringement of Plaintiff's mark."
Id. at 7.

Taylor responds that service of the Requests was improper
because Plaintiff mailed them to the wrong address, "which caused
substantial delays in the actual time of reception by Defendant
Taylor."  *See* Document No. 75 at 1.[4]  Notwithstanding the defect

---

[4]Taylor files two nearly identical responses to Plaintiff's
motion for summary judgment, which are styled a "Motion to Vacate
Plaintiff Compliance Review Services, Inc.'s Proposed Order

12

and delay in Plaintiff's delivery of its Requests to Taylor, the record reflects that Taylor at some point received the Requests and, without filing any objections, proceeded to deny five of the 27 Requests.  On all of the remaining Requests Taylor answered only that she was "without sufficient information to either admit or deny the allegations . . . ," but she did not forth "in detail the reasons why the answering party cannot truthfully admit or deny the matter."  *See* FED. R. CIV. P. 36.  "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."  Id. Taylor thereafter never moved to amend or withdraw her admission responses.  Thus, Plaintiff is entitled to have deemed admitted its Requests 1-6, 11-15, and 17-27.[5]

Taylor has admitted the following: (1) Plaintiff has trademark rights in "Compliance Review Services"; (2) Plaintiff's mark is valid and legally protectable; (3) Plaintiff used the mark before Taylor used the mark "Compliance Review"; (4) Taylor's use of the

---

Granting Summary Judgment" (Document No. 75), and a "Motion to Vacate Plaintiff Compliance Review Services, Inc.'s Motion for Summary Judgment as to liability and damages" (Document No. 77).

[5]Thus, Taylor's Motion to Vacate Motion of Default by Plaintiff (Document No. 76), which contests Plaintiff's service of the Requests and seeks an order to "vacate entry of default filed by the Plaintiff" due to improper service is DENIED.

mark causes a "substantial likelihood of confusion" and "actual confusion" between the marks; and (5) Plaintiff has lost sales and profits of "not less than $10,000" due to Taylor's use of the mark. *See* Document No. 62 ex. 1 ¶¶ 2-5, 17-20.   On the basis of these admissions, Plaintiff has established a prima facie case of trademark infringement.[6]

Taylor in her Answer raises the affirmative defense of fair use.   *See* Document No. 62 ¶ 10; Document No. 50 ¶ 10 (denying that Taylor's use of the mark "Compliance Review" is "not a 'fair use.'").   A defendant in a trademark infringement action may assert a fair use defense where the allegedly infringing term is used "in good faith to describe [a defendant's] goods or services, but only in actions involving descriptive terms and only when the term is used in its descriptive sense rather than in its trademark sense." *See* Sugar Busters L.L.C. v. Brennan, 177 F.3d 258, 270-71 (5th Cir. 1999).   *See also* 15 U.S.C. § 1115(b)(4).   A fair use defense is established if a defendant proves that its use is "(1) other than

---

[6]Furthermore, because Taylor has admitted that Plaintiff's mark is "valid" and "legally protectable," *see* Document No. 62 ¶¶ 3-4, Taylor's own Motion for Summary Judgment (Document No. 79) --which is based on Taylor's contention that Plaintiff's mark is not legally protectable--is DENIED.   Taylor also moves to "increase" summary judgment against Plaintiff on grounds that Plaintiff's "unfair business practice[s]" have caused Taylor to incur losses of $15,000 since this suit commenced.   *See* Document No. 118.   However, Taylor has filed only an answer to Plaintiff's complaint and has no counterclaim pending.   Taylor has shown no legal basis for awarding damages to Taylor, and Taylor's Motion to Increase Summary Judgment (Document No. 118) is DENIED.

as a mark, (2) in a descriptive sense, and (3) in good faith." See <u>Int'l Stamp Art, Inc. v. U.S. Postal Serv.</u>, -- F.3d --, 2006 WL 1982685, at *3 (11th Cir. July 8, 2006) (quoting <u>EMI Catalogue P'ship v. Hill, Holliday, Connors, & Cosmopulos, Inc.</u>, 228 F.3d 56, 64 (2d Cir. 2000)). *See also* <u>Soweco, Inc. v. Shell Oil Co.</u>, 617 F.2d 1178, 1185 (5th Cir. 1980). Here, although Taylor pleads fair use as an affirmative defense, she presents no evidence that she used Plaintiff's mark descriptively and not as a trademark, or that she acted fairly and in good faith. Taylor therefore has failed to raise a genuine issue of material fact with regard to her fair use defense. Accordingly, Plaintiff has shown itself entitled to summary judgment on its trademark infringement claim against Taylor, and judgment will be entered for Plaintiff against Taylor for the $10,000 in damages deemed admitted by Taylor.

  3.  <u>State Law Claims</u>

    Taylor moves to be "disengaged" from this action, arguing that Plaintiff's claims against her involve "distinctively different" issues than the unrelated copyright claims asserted against the other Defendants. *See* Document No. 74. Liberally construing this *pro se* motion, *see* <u>United States v. Riascos</u>, 76 F.3d 93, 94 (5th Cir. 1996), the Court concludes that Taylor seeks to be severed from this action on grounds that she is not a proper party. *See* FED. R. CIV. P. 21 ("Parties may be dropped or added by order of the

court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately.").  Plaintiff's remaining claims against Taylor are separate and unrelated to the claims asserted against the various other Defendants in this action, and Taylor is entitled to severance from this action pursuant to Fed. R. Civ. P. 21.  *Cf.* MIL (Invs.) SARL v. Inco Ltd., No. Civ.A. 302CV1879G, 2002 WL 32319011, at *2 (N.D. Tex. Oct. 29, 2002) (a party has been improperly joined and is entitled to severance "if the claims asserted against them do not arise from the same transaction or occurrence or lack a common question of law or fact.").  Upon severance, all that remains of Plaintiff's claims against Taylor are state law claims over which the Court declines to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).[7] Accordingly a Final Judgment will be entered for Plaintiff to recover $10,000 from Taylor.

---

[7]Plaintiff's Motion to Strike Defendant Charlene Taylor's Answer (Document No. 129), in which Plaintiff accuses Taylor of discovery violations and therefore moves to strike Taylor's answer and "preclude her from offering into evidence anything not provided in response to Plaintiff's written discovery," is DENIED.

B.   <u>Plaintiff's Claims Against the Odilli Defendants</u>

1.   <u>The Odilli Defendants' Motion to Dismiss for Failure to Join an Indispensable Party and/or Leave to Amend the Answer</u>

The Odilli Defendants file what is styled a "Motion to Dismiss for Failure to Add Indispensible Party." *See* Document No. 83.  The Odilli Defendants argue that they are entitled to dismissal of the case against them because Omnipotent, Inc. is an indispensable party that has not been joined and thus, complete relief is not possible among the existing parties.[8]  No proof or rationale has been provided, however, as to *why* Omnipotent's absence would preclude complete relief being accorded among those who *are* already parties.  *See* Fed. R. Civ. P. 19(a).  On this record the Odilli Defendants have not shown themselves entitled to dismissal of Plaintiff's case under Rule 19(b) because of the absence of an indispensable party.  *See, e.g.,* <u>James v. Valvoline, Inc.</u>, 159 F. Supp. 2d 544, 550 (S.D. Tex. 2001) ("The burden is on the movant to show that an absent party is necessary, cannot be joined and is, finally, indispensable such that the action should be dismissed."); <u>Temple v. Synthes Corp., Ltd.</u>, 111 S. Ct. 315, 316 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").  The

_____

[8]Omnipotent Inc. is a home health entity that Fidelia Odilli established.

17

motion to dismiss for failure to join an indispensable party will therefore be denied.[9]

Alternatively, the Odilli Defendants move for leave to file an amended answer, in order to (1) correct "the wrong parties [that] were named in the complaint," and (2) "provide separate defenses contesting the underlying validity of the copyright; fair use etc." *See* Document No. 86 ¶ 18.  The proferred amended Answer purports to be the answer of "Omnipotent Inc." and groups all Defendants under the name "Omnipotent Inc."  Omnipotent, Inc. has not been sued by Plaintiff, or cross-acted against by Defendants, and it seeks no affirmative relief against any other party as an intervenor. Accordingly, the Odilli Defendants' motion for leave to file an amended answer for inclusion of Omnipotent, Inc. is DENIED.

---

[9]In their "Argument in Response to Pending Motions," the Odilli Defendants for the first time assert that "since the Plaintiff did not properly serve plaintiff [sic] within 120 days, pursuant to F.R.C.P. 4(m) plaintiff's complaint should be dismissed and the proper party OMNIPOTENT INC. made a party." *See* Document No. 106 at 4 (internal citation omitted).  This argument lacks merit, however, because the Odilli Defendants failed to assert insufficiency of process in their answer, and "objections to service are waived if not raised in the answer or pre-answer motion." *See* Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1021 (5th Cir. 1995); FED. R. CIV. P. 12(h)(1)(B).

2.    <u>Plaintiff's Motion for Summary Judgment against Fidelia
Odilli, Individually, d/b/a Omega Rules! As to Liability
for Copyright Infringement</u>[10]

Plaintiff moves for summary judgment as to liability only on
its copyright infringement claim against Fidelia Odilli,
individually, d/b/a Omega Rules! Professional Nurses. *See* Document
No. 141.

The uncontroverted summary judgment evidence is that either
Ms. Odilli or her secretary made a copy of Defendant Kudi
Adelakin's policy manual.  However, Adelakin in her declaration
states that *she* is the author of the manual that was copied, and
Plaintiff was hired merely to provide updates to the manual. *See*
Document No. 88 ex. 1 ¶ 4.  Plaintiff has not submitted its
copyrighted policy manual or the reproduction made by Odilli.  The
summary judgment evidence therefore does not establish that
Plaintiff's work and the work copied by the Odilli Defendants are
adequately similar to establish appropriation and, without a side-
by-side comparison of the works, it is not established that the
Odilli Defendants infringed protectable aspects of Plaintiff's
work.  Thus, a genuine issue of material fact exists as to whether
Odilli or her secretary copied constituent elements of Plaintiff's

_____

[10]This motion supersedes Plaintiff's previously filed Motion
for Judgment on the Pleadings against Defendants Matthew Odilli and
Fidelia Odilli, Individually, and D/B/A Omega Rules! Professional
Nurses as to Liability for Copyright Infringement (Document No.
63), which is therefore DENIED as MOOT.

work that are original, and Plaintiff's motion for summary judgment as to liability on its copyright infringement claim will be denied.

C.    Plaintiff's Motion to Strike eCapital's Affirmative Defenses

About 16 months after eCapital answered, Plaintiff moved to strike eight of eCapital's affirmative defenses, arguing that eCapital "ha[s] not disclosed any facts to support these eight separate defenses."[11]  See Document No. 114.  Plaintiff's motion to strike is DENIED, both because it was not timely filed, see FED. R. CIV. P. 12(f) (motion to strike should be made within 20 days after service of the pleading upon the party), and Plaintiff has not met its burden to show that the challenged defenses--which concern the underlying validity of the alleged copyright at issue--are unrelated to Plaintiff's claims or have no chance of succeeding, nor has Plaintiff shown that it will be prejudiced by the inclusion of the defenses.  See Global Adr, Inc. v. City of Hammond, No. Civ.A. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003) (denying plaintiffs' motion to strike where "[t]he pleadings reveal a legitimate dispute" as to the challenged defenses, and plaintiffs made no showing of prejudice).

---

[11]The affirmative defenses at issue are: (1) uncopyrightable subject matter because Plaintiff's materials are in the public domain or from a common source; (2) lack of originality; (3) copyright invalidity; (4) abandonment; (5) fair use; (6) unclean hands; (7) commonality of subject matter or non-copyrightable elements; and (8) non-ownership.

D.   <u>Miscellaneous Motions</u>

   1.   <u>Plaintiff's Motion to Extend Time to Respond</u>

      eCapital moves for summary judgment on grounds that Plaintiff has not met a jurisdictional prerequisite for filing suit because it filed the wrong application form with the Copyright Office, and the "the Registration that was issued for a Visual Art work is accordingly invalid." *See* Document No. 144 at 11.  Plaintiff moves for additional time to respond until the Copyright Office "re-issue[s] the Certificate of Registration using the correct Form TX," which Plaintiff contends will moot eCapital's motion.  *See* Document No. 148 at 4.  Plaintiff's Motion to Extend Time to Respond to eCapital and M.B. Cox's Motion for Summary Judgment (Document No. 148) is GRANTED in PART, and Plaintiff shall have until September 12, 2006, to respond to eCapital's Motion for Summary Judgment.  The motion is otherwise DENIED.

   2.   <u>eCapital's Motion to Modify Scheduling Order</u>

      eCapital moves to modify the Second Amended Scheduling Order to extend deadlines for discovery and non-dispositive and dispositive deadlines.  *See* Document No. 123.  After careful consideration, this motion is DENIED.  *See* FED. R. CIV. P. 16(b); <u>S & W Enters., L.L.C. v. SouthTrust Bank of Ala.</u>, 315 F.3d 533, 536

(5th Cir. 2003); <u>Sw. Bell Tel. Co. v. City of El Paso</u>, 346 F.3d
541, 546 (5th Cir. 2003). [12]

IV.   <u>Order</u>

Based on the foregoing, it is

ORDERED that Defendants Alpha Compliance Consulting and
Charlene F. Taylor's Motion to Dismiss All Claims as to Liability
and Damages filed by Plaintiff Compliance Review Services, Inc.
(Document No. 73) is GRANTED in PART with respect to Plaintiff's
copyright infringement claim, which is DISMISSED, and the motion is
otherwise DENIED; Defendants Alpha Compliance Consulting and
Charlene F. Taylor's Motion to Vacate Plaintiff's Proposed Order
Granting Summary Judgment (Document No. 75), Motion to Vacate
Motion of Default by Plaintiff (Document No. 76), Motion to Vacate
Plaintiff's Motion for Summary Judgment (Document No. 77), Motion
for Summary Judgment (Document No. 79), and Motion to Increase
Summary Judgment against Plaintiff (Document No. 118) are all
DENIED; Plaintiff Compliance Review Services, Inc.'s Motion to
Strike Defendant Charlene Taylor's Answer (Document No. 129) is
DENIED; Plaintiff's First Motion for Summary Judgment against
Defendant Charlene Taylor, Individually, and d/b/a Alpha Compliance
Consultants (Document No. 62) is GRANTED, and Plaintiff shall have

---

[12] The Court by separate Order signed August 16, 2006, reset
the Docket Call date and enlarged the time for filing of a Joint
Pretrial Order.

22

and recover from said Defendant a judgment for damages in the amount of $10,000 on its trademark infringement claim against Taylor; and Defendants Alpha Compliance Consulting and Charlene F. Taylor's Motion to Disengage From Civil Action No. 4:04-CV-03635 (Document No. 74) is GRANTED, the litigation between these parties is SEVERED, the Court DECLINES supplemental jurisdiction over Plaintiff's state law claims against Taylor, which are the only remaining claims against Taylor, and those claims are therefore DISMISSED without prejudice to Plaintiff refiling those state law claims in state court. The Court pursuant to Fed. R. Civ. P. 54(b) expressly determines that there is no just reason for delay in entering a Final Judgment as between Plaintiff and Taylor. Accordingly, a Final Judgment will be entered in Plaintiff's favor on the summary judgment granted to Plaintiff in the amount of $10,000.[13] It is further

ORDERED that Plaintiff's Motion for Judgment on the Pleadings against Defendants Matthew Odilli and Fidelia Odilli, Individually, and d/b/a Omega Rules! Professional Nurses as to Liability for Copyright Infringement (Document No. 63) is DENIED as MOOT; Plaintiff's Motion for Summary Judgment against Fidelia Odilli, Individually, and d/b/a Omega Rules! Professional Nurses as to

---

[13]Plaintiff is reminded that the period of limitations for its state claims is tolled for a period of thirty (30) days after the claims are dismissed unless state law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d).

Liability for Copyright Infringement (Document No. 141) is DENIED;
and Defendants Fidelia Odilli, Matthew Odilli, and Omega Rules!
Professional Nurses' Motion to Dismiss for Failure to Join an
Indispensable Party and/or Leave to Amend the Answer (Document
No. 83) is DENIED.  It is further

ORDERED that Plaintiff's Motion to Extend Time to Respond to
eCapital and M.B. Cox's Motion for Summary Judgment (Document No.
148) is GRANTED in PART, and Plaintiff shall have until September
12, 2006 to respond to eCapital's Motion for Summary Judgment;
Plaintiff's Motion to Strike Eight of eCapital's 14 "Separate"
Defenses (Document No. 114), Plaintiff's Motion for the Court to
Conduct a Hearing on All Pending Motions Before August 10, 2006
(Document No. 142), and Defendants eCapital Health Care Consulting
L.L.C. and Maria Bibb Cox's Motion to Modify Scheduling Order
(Opposed) (Document No. 123) are all DENIED.

The Clerk shall notify all parties and provide them with a
true copy of this Order.

SIGNED at Houston, Texas, on this 17th day of August, 2006.


_Ewing Werlein, Jr._

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE