IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPLIANCE REVIEW SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-04-3635 |
| CALLISTA DAVIS-OSUAWU, Individually and d/b/a DESTINY HEALTHCARE SERVICES, CHARLENE TAYLOR, Individually and d/b/a ALPHA COMPLIANCE CONSULTANTS, MATTHEW ODILLI and FIDELIA ODILLI, Individually and d/b/a OMEGA RULES! PROFESSIONAL NURSES, KUDI ADELAKIN, Individually and d/b/a CITIZEN CARE, ECAPITAL HEALTH CARE CONSULTING L.L.C., and MARIA BIBBS COX, | § § § § § § § § § § § § § § | |
| Defendants, | § § | |
| v. | § § | |
| STEPHANIE FOAT, | § § | |
| Third-Party Defendant. | § | |

MEMORANDUM AND ORDER ON eCAPITAL'S
AND COX'S MOTION FOR SUMMARY JUDGMENT

The background for this suit and identities of the parties, along with the standard of review that applies in ruling on a motion for summary judgment, may all be found in the Court's Memorandum and Order entered August 17, 2006. Now pending is Defendants eCapital Health Care Consulting L.L.C. and Maria Bibb Cox's Motion for Summary Judgment (Document No. 143). After

carefully considering the motion, response, reply, and the applicable law, the Court concludes as follows.

I. Discussion

A. Copyright Infringement

1. Validity of Copyright Registration

Registration with the United States Copyright Office is a jurisdictional prerequisite to filing suit for copyright infringement. *See* Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816 (5th Cir. 1997) (per curium); 17 U.S.C. § 411(a). It is undisputed that, in 2001, Plaintiff applied for a certificate of registration for its Policy and Procedure Manual (the "Manual") using a "Form VA-For a Work of The Visual Arts" ("Form VA"). On the application form, Plaintiff checked the "text" box for "Nature of Authorship." *See* Document No. 160 ex. A-2 at 1. The Copyright Office subsequently issued Certificate of Registration VAu 542-772 (the "Registration") for the Manual. eCapital argues that the Registration is invalid because Plaintiff used the wrong application form--namely a Form VA instead of a "Form TX" that Plaintiff should have used for "unpublished nondramatic literary works." *See* Document No. 145 at 5 & ex. 3 at 1. Plaintiff does not dispute that it would have been "preferable" to use a Form TX, but it contends that the Registration is valid because the

administrative classification does not affect the subject matter of copyright, and, in any event, the error was inadvertent and immaterial.[1]

The Register of Copyright has authority to specify by regulation the administrative classification of works for deposit and registration.  *See* 17 U.S.C. § 408(c)(1).  This classification is for administrative convenience and "has no significance with respect to the subject matter of copyright or the exclusive rights provided by this title."  *See* id.  *See also* Jefferson Airplane v. Berkeley Sys., Inc., 886 F. Supp. 713, 717 (N.D. Cal. 1994) ("Registration in separate classes was intended to enhance the efficiency of the Copyright Office, and not to legally limit the scope of copyrighted material.") (citing House Report on the Copyright Act of 1909, H.R. Rep. No. 2222, 60th Cong., 2d Sess. (1909)); 1 HOWARD B. ABRAMS, THE LAW OF COPYRIGHT § 10:29 (2006) ("As the forms are classified for purposes of administrative convenience

---

[1] Plaintiff also submits a recent letter from a Senior Examiner in the Visual Arts Section at the Copyright Office, who advises Plaintiff that a cancellation of the existing VAu registration and reissuance of a replacement TXu registration would be an "unnecessary corrective action" because "[a] claim in 'text' is equally as valid on Form VA as on Form TX."  *See* Document No. 160 ex. B at 1-2 (noting that where, as here, "an inappropriate form is the only problem," the usual policy is to "clear the claim, since 'the subject matter of copyright is not affected.") (quoting 17 U.S.C. § 408(c)(1)).  Regardless, where a classification error results from the Copyright Office's "own mistake or oversight," the Copyright Office can correct the error on its own initiative without resorting to the "supplementary registration" procedure. *See* M. NIMMER & D. NIMMER [hereinafter "NIMMER"], 2 NIMMER ON COPYRIGHT § 7.20[A] (citing H. Rep. No. 94-1476, 94th Cong., at 155 (1976)).

and have no bearing on substantive rights, a registration made on an incorrect form will not restrict the copyright in the work.") (internal citation omitted). Due to the "formalistic nature of the registration process," courts traditionally have afforded leniency toward erroneous applications. *See* Gallup, Inc. v. Kenexa Corp., 149 Fed. Appx. 94, 95 (3d Cir. Sept. 19, 2005) (per curium) (unpublished). *See also* NIMMER § 7.20[A] (noting the "established rule of liberal treatment of such errors" in the registration process). Thus, "immaterial, inadvertent errors in an application for copyright registration do not jeopardize the validity of the registration." Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1161 (1st Cir. 1994). *See also* One Treasure Ltd., Inc. v. Richardson, No. 05-51653, 2006 WL 2882672, at *1 (5th Cir. Oct. 10, 2006) (unpublished) (same); NIMMER § 7.20[B] ("[A] misstatement or clerical error in the registration application, if unaccompanied by fraud, should neither invalidate the copyright nor render the registration certificate incapable of supporting an infringement action."). Generally, "an error is immaterial if its discovery is not likely to have led the Copyright Office to refuse the application." Data Gen. Corp., 36 F.3d at 1161.

eCapital does not dispute that Plaintiff's error was inadvertent, nor does eCapital maintain that the Copyright Office would have denied the application had the proper classification

4

been designated.[2]  Rather, eCapital argues, among other things, that the classification error was material because visual arts are accorded additional, moral rights under the Copyright Act. *See* Document No. 176 at 3. However, the administrative classification of works does not impact "the subject matter of copyright or the exclusive rights provided by this title." *See* 17 U.S.C. § 408(c)(1). As such, Plaintiff's mistaken use of a Form VA for a registration of "text" does not invalidate the Registration, and Plaintiff has satisfied the jurisdictional requirements for bringing suit for infringement of the Manual pursuant to 17 U.S.C. § 411(a).

2. Elements of Copyright Infringement

To prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright, and (2) the defendant copied constituent elements of the plaintiff's work that are original. Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). The originality requirement means that "the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45,

---

[2] Indeed, although Plaintiff submitted a "Form VA," it indicated on the application form that the "Nature of Authorship" was a claim in "text." *See* Document No. 160 ex. A-2 at 1.

5

47 (5th Cir. 1995) (quoting <u>Feist Publ'ns v. Rural Tel. Serv. Co.</u>, 111 S. Ct. 1282, 1287 (1991)).  A certificate of registration creates a rebuttable presumption that the copyright is valid.  *See* <u>id.</u> (citing 17 U.S.C. § 410(c)).  To establish actionable copying, a plaintiff must prove (1) factual copying and (2) substantial similarity.  *See* <u>Peel & Co., Inc. v. The Rug Market</u>, 238 F.3d 391, 394 (5th Cir. 2001).  Factual copying may be proven by evidence demonstrating that (1) the defendant had access to the copyrighted work, and (2) the works are probatively similar.  *See* <u>id.</u>  A plaintiff must demonstrate that the allegedly infringing work is substantially similar to protected elements of the infringed work. <u>Gen. Universal Sys.</u>, 379 F.3d at 142. "[A] side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" <u>Id.</u> (quoting <u>Creations Unlimited</u>, 112 F.3d at 816).  "[S]ummary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression." <u>Id.</u> (quoting <u>Peel</u>, 238 F.3d at 395).

Plaintiff argues that eCapital is not entitled to summary judgment on Plaintiff's claim of infringement because there is a disputed fact issue on whether eCapital's Policy and Procedural Manual is "substantially similar" to Plaintiff's copyrighted Policy

and Procedural Manual.³ Plaintiff, however, has not presented its own copyrighted Manual in the summary judgment evidence or eCapital's accused Manual in order for the Court to make a "side-by-side comparison" to determine whether a fact issue has been raised on whether the two are "substantially similar." Instead, Plaintiff relies solely on the affidavit of its CEO, Kimberley Kelly, who in her affidavit states that she recalls the materials that she sent for registration to the Copyright Office and that eCapital's manual "is substantially similar" to her Manual. *See* Document No. 160 ex. A-1 ¶ 8. This is a conclusory statement without any underpinning of admissible summary judgment evidence to enable the Court to examine the competing documents side by side and determine whether a genuine issue of material fact has been raised on "substantial similarity." *See, e.g.,* Melton v. Teachers Ins. & Annuity Assoc. of Am., 114 F.3d 557, 559 (5th Cir. 1997) ("A summary assertion made in an affidavit is simply not enough evidence to raise a genuine issue of material fact."); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."). Because Plaintiff has failed to raise a genuine issue of material

---

³ Before the Court even reaches the "substantial similarity" stage, it must determine whether Plaintiff has adduced evidence of factual copying. Here, Plaintiff neither argues nor presents summary judgment evidence that eCapital had access to the Manual, or that the Works are probatively similar.

fact that eCapital committed copyright infringement, eCapital's motion for summary judgment on this claim will be granted.

B.  <u>Lanham Act</u>

Plaintiff asserts a claim for "unfair competition" under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *See* Document No. 1 ¶ 4.04; Document No. 160 at 21.  eCapital moves for summary judgment on the claim, arguing, *inter alia*, that the claim has no factual predicate or evidentiary basis.  eCapital contends that the Lanham Act claim is a mere reiteration of the copyright claim because Plaintiff "alleges only that [eCapital] copied, and distributed [the Manual]," and the Copyright Act "expressly provides protection for such wrongdoing." *See* Document No. 144 at 13-14 (citing <u>Mays & Assocs., Inc. v. Euler</u>, 370 F. Supp. 2d 362, 371 (D. Md. 2005) (dismissing Lanham Act unfair competition claim because "[u]nder <u>Dastar</u>, § 43(a) of the Lanham Act only covers the tangible goods themselves and not 'any idea, concept, or communication embodied in those goods,' which is covered, in this case, by copyright law.") (quoting <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 123 S. Ct. 2041, 2050 (2003)).  In response to eCapital's motion for summary judgment, Plaintiff neither articulates the basis of its Lanham Act claim nor offers any

8

supporting evidence.[4]  As such, eCapital is entitled to summary judgment on this claim.[5]

C. <u>State Law Claims</u>

eCapital moves for summary judgment on Plaintiff's remaining state law claims and asserts they are preempted. *See* Document No. 144 at 13. The Copyright Act generally preempts state law claims that are equivalent to any of the exclusive rights created by copyright law. *See* 17 U.S.C. § 301(a). In determining whether a state law claim is preempted by federal copyright law, the court applies a two-part test. *See* <u>Daboub v. Gibbons</u>, 42 F.3d 285, 289 (5th Cir. 1995). First, does the claim fall within the subject

---

[4] For instance, Plaintiff neither argues nor presents evidence that eCapital's use of Manual caused a likelihood of confusion or affected interstate commerce. *Cf.* <u>Pebble Beach Co. v. Tour 18 I, Ltd.</u>, 942 F. Supp. 1513, 1554 (S.D. Tex. 1996) ("[L]iability for unfair competition . . . depends on likelihood of confusion."); <u>Omega S.A. v. Omega Engineering, Inc.</u>, 396 F. Supp. 2d 166, 183 (D. Conn. 2005) ("[T]o establish a violation of the Lanham Act for unfair competition, [Plaintiff] must show a likelihood of confusion between its products and [Defendant]'s products. . . . [and] a substantial effect on United States commerce").

[5] "Likelihood of confusion" is the essential element in Plaintiff's Lanham Act and state law unfair competition claims. *See* <u>King v. Ames</u>, 179 F.3d 370, 374 (5th Cir. 1999). Because the Court finds that Plaintiff has failed to provide evidence of customer confusion regarding its Lanham Act claim, Plaintiff's state law unfair competition claim also fails. *See, e.g.,* <u>id.</u> at 374-75 (finding that the analysis of likelihood of confusion in an unfair competition Lanham Act claim applies to state law unfair competition claim and disposing of the two in tandem); <u>Blue Bell Bio-Medical v. Cin-Bad, Inc.</u>, 864 F.2d 1253, 1261 (5th Cir. 1989) ("A ruling on the likelihood of confusion under the Lanham Act also controls an unfair competition claim under state law.").

matter of copyright as defined by 17 U.S.C. § 102? *See* id. Here, the Manual is a literary work that is amenable to copyright protection. *See* 17 U.S.C. § 102(a)(1). Next, does the state law cause of action protect "rights that are 'equivalent' to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106," which gives copyright owners the exclusive right to authorize reproduction, adaptation, publication, performance, and display of their copyrighted works? *See* Daboub, 42 F.3d at 289. *See also* Keane v. Fox Television Stations, Inc., 297 F. Supp. 2d 921, 944 (S.D. Tex. 2004) (Lake, J.). "The second condition requires a comparison of the nature of the rights protected under federal copyright law with the nature of the state rights for which the plaintiff seeks protection." Sefton v. Jew, 201 F. Supp. 2d 730, 746 (W.D. Tex. 2001). If the defendant's alleged acts would violate both state law and federal copyright law, then the state right is deemed "equivalent to copyright." Id. (quoting Alcatel USA, Inc. v. DGI Techs., Inc., 166 F.3d 772, 785 (5th Cir. 1999)). However, if the plaintiff has alleged facts corresponding to an "extra element," such as a breach of fiduciary duty, that would render its claims "different in kind from a copyright infringement claim," then its state law claims are not preempted. *See* id.; Keane, 297 F. Supp. 2d at 945.

Plaintiff frames its allegations against eCapital in terms of copyright infringement, and the core of the state law theories is

the same: eCapital's wrongful reproduction and/or distribution of the copyrighted Manual. *See* Document No. 1 ¶¶ 3.45-3.51; Document No. 160 ex. A ¶¶ 8-9. *Cf.* Daboub, 42 F.3d at 289 (finding preemption where "[t]he core of each . . . state law theories of recovery . . . is the same: the wrongful copying, distribution, and performance" of a copyrighted work); Sefton, 201 F. Supp. 2d at 746 (state law conversion claim preempted where plaintiff's complaint alleged "only one set of operative facts," and plaintiff alleged no "conduct by Defendants to support his conversion claim that is qualitatively different from the conduct alleged to support his copyright infringement claim."); Keane, 297 F. Supp. 2d at 945 (state law misappropriation claim preempted where "[t]he core of each of [Plaintiff]'s state law claims is identical: the wrongful copying of an idea for a talent show"); Gemcraft Homes, Inc. v. Sumurdy, 688 F. Supp. 289, 295 & n.13 (E.D. Tex. 1988) (finding tortious interference with contract claim preempted because "it is the act of unauthorized copying which cause[d] the violation."). Here, Plaintiff's state law misappropriation/conversion and tortious interference claims arise out of the same set of operative facts as the copyright infringement claim, and Plaintiff has neither alleged nor presented evidence of any separate conduct by eCapital that would render the state law claims "different in kind"

11

from the copyright infringement claim.[6]  These state law claims are therefore preempted.

## II.  Order

Based on the foregoing, it is

ORDERED Defendants eCapital Health Care Consulting L.L.C. and Maria Bibb Cox's Motion for Summary Judgment (Document No. 143) is GRANTED, and Plaintiff's cause of action and all claims alleged against Defendants eCapital and Maria Bibb Cox are DISMISSED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 7th day of December, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[6] For instance, Plaintiff has neither alleged nor presented evidence that eCapital engaged in theft or conversion of its tangible physical property--an allegation that could be qualitatively different than copyright infringement. *See, e.g.*, Carson v. Dynegy, Inc., 344 F.3d 446, 456-57 (5th Cir. 2003) (distinguishing between conversion of tangible and intangible property for preemption purposes and finding no preemption where plaintiff alleged that defendant "wrongfully withheld tangible copies of [a worksheet]"), *citing*, Pritikin v. Liberation Publs., Inc., 83 F. Supp. 2d 920, 923 n.1 (N.D. Ill. 1999) (a conversion claim will be preempted "where the plaintiff alleges only the unlawful retention of its intellectual property rights and not the unlawful retention of the tangible object embodying its work.") (quoting PAUL GOLDSTEIN, COPYRIGHT, PATENT, TRADEMARK AND RELATED STATES DOCTRINES 777 (3d ed. 1993)).